```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
DAVID JOHNSON,                                                          :
                                                                        :
                              Plaintiff,                                :
                                                                        :
        -v-                                                             :
                                                                        :     25 Civ. 4719 (JPC)
ADA MYLES ASHONG et al.,                                                :
                                                                        :     ORDER
                              Defendants.                               :
                                                                        :
------------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

David Johnson, who currently is detained in the North Infirmary Command on Rikers Island, brings this action, *pro se*, under 42 U.S.C. § 1983, asserting constitutional claims of false arrest and malicious prosecution, and seeking money damages. Dkt. 1 ("Compl."). By order dated July 10, 2025, the Court granted Johnson's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]  Dkt. 7.

## I. Legal Standard

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of*

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks, emphasis, and citations omitted).

## II. Discussion

### A. Johnson's Claims Against ADA Ashong

Johnson sues Myles Ashong, an Assistant District Attorney ("ADA") in the Manhattan District Attorney's Office. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where a criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*, 555 U.S. at 344)).

Here, Johnson's claims against ADA Ashong are based on actions taken within the scope of his official duties in prosecuting Johnson and associated with the conduct of criminal proceedings. *See* Compl. at 3 (alleging that ADA Ashong "prosecuted all of the false cases" against Johnson). Therefore, the Court dismisses Johnson's claims against Ashong because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C.

2

§ 1915(e)(2)(B)(iii), and, consequently, are frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F.3d 131, 134 n.2 (2d Cir. 2011) (holding that a claim against a prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process" (internal quotation marks and citation omitted)).

**B.    Waiver of Service**

The Clerk of Court is directed to electronically notify the New York City Police Department and the New York City Law Department of this Order. The Court requests that Officers Herbert Wroten, #26425; Charles Morro, #1011; Luis Diaz, #19018; Albert Vitarelli, #3966; Danielle Venuto, #7106; Keith Kealy, #2948; and Lauren Helmeset, #31755, waive service of summons.

### III.  Conclusion

The Court dismisses Johnson's claims against ADA Myles Ashong because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, are frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).

The Clerk of Court is respectfully directed to electronically notify the New York City Police Department and the New York City Law Department of this Order. The Court requests that Officers Herbert Wroten, #26425; Charles Morro, #1011; Luis Diaz, #19018; Albert Vitarelli, #3966; Danielle Venuto, #7106; Keith Kealy, #2948; and Lauren Helmeset, #31755, waive service of summons.

The Clerk of Court is also respectfully directed to mail a copy of this Order and an information package to Johnson.

SO ORDERED.

Dated: July 15, 2025
      New York, New York

                                             JOHN P. CRONAN
                                      United States District Judge