

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
L**AW** D**EPARTMENT**
100 Church Street
NEW YORK, NY 10007

**JOHN MCLAUGHLIN**
Phone: (212) 356-2670
Fax: (212) 356-3509
jmclaugh@law.nyc.gov
*Assistant Corporation Counsel*

September 15, 2025

**BY ECF**
Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>David Johnson v. ADA Myles Ashong, et al.</u>,
             25 Civ. 4719 (JPC) (SLC)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing Defendants Keith Kealy, Charles Morro, Danielle Venuto, and Herbert Wroten in the above-referenced matter. I write respectfully to seek clarification regarding the deadline for the defendants to answer or otherwise respond to the complaint, as there appears to be a discrepancy between the docket entries and the waiver of service filed on August 14, 2025, and, out of an abundance of caution, to request an extension if necessary.

      By way of background, on August 14, 2025, a waiver of service was filed with the Court pursuant to Rule 4(d) of the Federal Rules of Civil Procedure on behalf of seven individually named Defendants: Herbert Wroten, Charles Morro, Luis Diaz, Albert Vitarelli, Daniel Venuto, Keith Kealy, and Lauren Helmeset. The waiver explicitly states that "the time for them to answer or otherwise respond to the complaint will be sixty days from the date upon which this waiver is filed with the Court."

      According to the text of the waiver of service filed on August 14, 2025, and consistent with the Court's memorandum of understanding with the New York City Police Department, the deadline for responding would be October 13, 2025 (sixty days from the filing of the waiver). However, the docket appears to reflect different deadline dates, creating uncertainty as to the operative deadline.

      Out of an abundance of caution, to the extent the Court determines that the deadlines are earlier than October 13, 2025, Defendants Kealy, Morro, Venuto, and Wroten

respectfully request an extension of their time to answer or otherwise respond to the complaint until October 13, 2025, consistent with the terms set forth in the waiver of service. This would be Defendants' first request for an extension of time to respond to the complaint.

Additionally, I respectfully note for the Court's attention that this office currently represents only Defendants Kealy, Morro, Venuto, and Wroten. This office has not yet determined whether it will represent Defendants Diaz, Vitarelli, and Helmeset in this action. *See* General Municipal Law § 50(k); *Mercurio v. City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985); *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). As this office has not discussed representation with Defendants Diaz, Vitarelli, and Helmeset, any request for an extension of time is not made on their behalf. However, given the time involved in determining the representation of employees of the New York City Police Department, and in the interest of judicial economy, we hope that the Court may extend their time to respond as well to October 13, 2025, if clarification or extension is warranted.

The Defendants thank the Court for its time and consideration of this request.

Respectfully Submitted,

*John McLaughlin* /s/

John McLaughlin
Attorney for Defendants Kealy,
   Morro, Venuto, and Wroten
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2670
jmclaugh@law.nyc.gov

Cc:   **VIA FIRST CLASS MAIL**
David Johnson
349-24-02392
North Infirmary Command
15-00 Hazen Street
East Elmhurst, NY 11370
*Plaintiff Pro Se*

ii