

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 Church Street
NEW YORK, NY 10007

**JOHN MCLAUGHLIN**
Phone: (212) 356-2670
Fax: (212) 356-3509
jmclaugh@law.nyc.gov
*Assistant Corporation Counsel*

October 14, 2025

**BY ECF**
Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>David Johnson v. ADA Myles Ashong, et al.</u>,
             25 Civ. 4719 (JPC)(SLC)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing Defendants Keith Kealy, Charles Morro, Danielle Venuto and Herbert Wroton in the above referenced matter. Pursuant to Your Honor's Individual Rule III, Defendants respectfully request an informal conference in lieu of filing formal motion papers, and to hold in abeyance Defendants' deadlines for a response pending the outcome of that conference. Defendants believe that an early informal conference with the Court may streamline the litigation and reduce the issues in dispute. Defendants anticipate moving: (1) to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a) for failure to state claims upon which relief can be granted; and (2) to sever pursuant to Rule 21 into not less than three distinct cases based upon the distinct dates of arrest.

      **Background**

      Plaintiff, proceeding pro se and *in forma pauperis*, filed the instant Complaint on June 3, 2025, alleging he was falsely arrested seven times, by seven defendants, on three separate dates over a period of eight months in 2023. First, on May 28, 2023, Plaintiff was subjected to one arrest each by Defendants Wroten, Morro, and Diaz; second, on October 23, 2023, Plaintiff was subjected to one arrest each by Defendants Vitarelli, Venuto, and Kealy; finally, on December 19, 2023, plaintiff was subjected to arrest by Defendant Helmeset. (Compl. at 3).

      Upon screening, the Court dismissed claims against Assistant District Attorney Myles Ashong on July 15, 2025. (ECF Dkt. 10). Seven NYPD defendants remain. Plaintiff acknowledges these arrests arise "from 'different' dates times also places" (Compl. at 3), with the only purported connection being prosecution by the now-dismissed ADA Ashong. (*Id.* at 3, 5 ¶ 7).

**The Complaint Fails to Satisfy Basic Pleading Standards**

Rule 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[]" because "the principal function of pleadings under the Federal Rules is to give the adverse party fair notice to the claim asserted so as to enable him to answer and prepare for trial." FED. R. CIV. P. 8; *Salahuddin v. Cuomo et. al,* 861 F.2d 40, 42 (2d Cir. 1988) (citing *Geisler v. Petrocelli*, 616 F.2d 636 (2d Cir. 1980)).

"While the courts traditionally read the pleadings of pro se litigants with lenity, nevertheless pro se litigation is governed by the Federal Rules of Civil Procedure, just as in cases where the parties are represented by counsel." *Harkin v. United Bhd. of Carpenters & Joiners of Am.*, 1998 U.S. Dist. LEXIS 5106, at *1 (S.D.N.Y. Apr. 14, 1998); *see also Wynder v. McMahon*, 360 F.3d 73, 79 n11 (2d Cir. 2004). "Courts in this Circuit have generally dismissed complaints that fail to distinguish the individual conduct of multiple defendants in actions alleging discrimination or violations of constitutional rights." *Scott v. Romano*, No. 6:24-CV-06363 (EAW), 2025 WL 1886134, at *4 (W.D.N.Y. July 8, 2025) (citing cases).

Here, the Complaint consists of wholly conclusory allegations that impermissibly group plead against all Defendants without specifying individual conduct. The Complaint makes sweeping allegations that "Officers have been e-mailing my picture around on their personal phones to each other ,testifying falsely at Grand Jury prompting alleged complainamt to pick picture ,falsifying affidavit police data , records , reports [sic]" (Compl. at 5), without identifying which officer(s) engaged in which conduct. Even Plaintiff's core allegation—that "[t]he Defendants made, false arrest charges and cases [sic]" (Compl. at 3)—lumps all Defendants together without differentiation. This deficiency not only violates Rule 8's notice requirements but also conflates multiple distinct fact patterns across different dates and precincts, which require separate probable cause analyses, rendering meaningful response impossible.

Moreover, these pleading deficiencies independently warrant dismissal under Rule 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Here, Plaintiff's conclusory assertions of "false arrest charges and cases" fail to satisfy *Twombly*/*Iqbal*'s plausibility threshold. The Complaint provides no factual content regarding the circumstances of any arrest, the basis for any officer's actions, or how each Defendant allegedly violated Plaintiff's rights. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Without well-pleaded factual allegations distinguishing each arrest and each Defendant's conduct, the Complaint fails to "nudge[] [Plaintiff's] claims across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570.

## **Severance Under Rule 21 Is Warranted**

Rule 21 provides, in relevant part: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. This Rule, like all of the Federal Rules, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. A trial court has "broad discretion" in considering a motion to sever. *Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 502 (S.D.N.Y. 2013); *see also Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) ("The decision of whether to sever a claim is left to the discretion of the trial court.") (citing *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988)); *Smith v. Lightning Bolt Prod., Inc.,* 861 F.2d 363, 370 (2d Cir. 1988)). "[I]n this respect the plaintiff is not the master of his complaint[.]" *J.T. v. de Blasio*, 500 F. Supp. 3d 137, 175 (S.D.N.Y. 2020).

"Second Circuit courts consider the following factors when determining whether to sever a claim: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Washington v. City of New York*, No. 18 Civ. 12306 (CM), 2019 U.S. Dist. LEXIS 77130, at *108 (S.D.N.Y. Apr. 30, 2019) (citation and quotations omitted); *accord Lluberes v. City of Troy*, No. 11-CV-1346 (CFH), 2014 U.S. Dist. LEXIS 39799, at *71-72 (N.D.N.Y. Mar. 21, 2014); *Baergas v. City of New York*, No. 04-CV-2944 (BSJ)(HBP), 2005 U.S. Dist. LEXIS 18785, at *11 (S.D.N.Y. Sept. 1, 2005). "To grant severance or separate trials requires the presence of **only one** of these conditions." *Gonzalez v. City of Schenectady*, 00-CV-0824, 2001 U.S. Dist. LEXIS 14406, at *31 (N.D.N.Y. Sep. 17, 2001) (citing *Lewis v. Triborough Bridge & Tunnel Authority*, 2000 U.S. Dist. LEXIS 4982, at *2 (S.D.N.Y. April 19, 2000)) (emphasis added).

"To determine whether allegations are part of the same 'transaction or occurrence,' courts 'look to the logical relationship between the claims and determine whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Am. Transit Ins. Co. v. Bilyk*, 514 F. Supp. 3d 463, 472 (E.D.N.Y. 2021) (quoting *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 557 (S.D.N.Y. 2013). Plaintiff's Complaint is a list of seven apparently unrelated arrests, on three separate dates, spanning eight months, against separate NYPD defendants. Although Plaintiff raises false arrest claims for each incident, each will require a separate analysis of the facts giving rise to probable cause, which are unlikely to overlap as they concern separate investigations. "In the absence of a connection between Defendants' alleged misconduct, the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)." *Peterson v. Regina*, 935 F. Supp. 2d 628, 638 (S.D.N.Y. 2013) (quoting *Deskovic v. City of Peekskill*, 673 F.Supp.2d 154, 167 (S.D.N.Y. 2009)).

**Conclusion**

The current Complaint's fundamental deficiencies—both in pleading standards and improper joinder—warrant judicial intervention before substantial resources are expended on discovery or motion practice. A pre-motion conference would allow the Court to provide guidance that could obviate formal motion practice or substantially narrow the issues.

Respectfully Submitted,

*John McLaughlin* /s/

John McLaughlin
Attorney for Defendants
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2670
jmclaugh@law.nyc.gov

Cc:   **VIA CERTIFIED FIRST CLASS MAIL**
David Johnson
349-24-02392
North Infirmary Command
1500 Hazen Street
East Elmhurst, NY 11370
*Plaintiff Pro Se*

USPS Tracking:   0000