

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
L**AW** D**EPARTMENT**
100 Church Street
NEW YORK, NY 10007

**JOHN MCLAUGHLIN**
Phone: (212) 356-2670
Fax: (212) 356-3509
jmclaugh@law.nyc.gov
*Assistant Corporation Counsel*

January 28, 2026

**BY ECF**
Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: David Johnson v. Herbert Wroten, et al.,
      25 Civ. 4719 (JPC)(SLC)

Your Honor:

  I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing the defendants in the above-referenced matter. Defendants respectfully request a two-week extension of the current deadline—January 28, 2026 (ECF No. 33)—to file a fully executed stipulation of partial dismissal contemplated by the Court's November 13, 2025 Order. (ECF No. 23). Specifically, Defendants request that the deadline be extended to February 11, 2026. This is Defendants' first request for an extension of this deadline, and it is made with the Plaintiff's consent.

  By way of background, at the November 13, 2025 conference, the Court ordered Defendants to draft a stipulation memorializing the parties' agreement to dismiss Plaintiff's allegations related to his October 23, 2023 and December 19, 2023 arrests, to share that stipulation with Plaintiff, and to file it once signed by all parties. (*See* ECF No. 23). The transcript of that conference was filed on December 8, 2025 (ECF No. 28), and notice of its filing was entered the same day (ECF No. 29). Consistent with the Court's direction, on December 15, 2025 Defendants mailed Plaintiff David Johnson a proposed stipulation, together with a cover letter explaining its contents and a printed copy of the transcript for reference.

  On January 14, 2026, the Court directed that, by January 28, 2026, "the parties shall file a stipulation dismissing the claims in this action relating to the Oct. 2023 and Dec. 2023 arrests." (ECF No. 33). Because Defendants had not heard from Plaintiff after mailing the stipulation, the undersigned took steps to consult with Plaintiff and facilitate execution and return of the stipulation. On January 15, 2026, the undersigned contacted a facility representative at Wende Correctional Facility to request scheduling a legal call with Plaintiff, but no response was

received. On January 20, 2026, the undersigned followed up with that contact and also obtained and attempted to contact the facility's general legal-call request mailbox. On January 21, 2026, the undersigned heard back and successfully scheduled a call for the following morning. On January 22, 2026, at approximately 10:00 a.m., the undersigned conducted a legal call with Plaintiff. Plaintiff confirmed he received the stipulation and cover letter but mistakenly believed the stipulation was a court order and did not understand that he needed to sign it. The undersigned explained that Plaintiff must sign on the final page and return the signed stipulation by mail so that Defendants may file it on ECF, and Plaintiff indicated that he would place the signed stipulation in outgoing mail that day.

As of today, January 28, 2026, Defendants have not yet received the signed stipulation. Given the typical processing time for outgoing inmate mail and incoming mail, Defendants respectfully submit that a short extension is warranted to permit receipt and filing of the signed stipulation. The requested extension is for the limited purpose of effectuating the narrowing of claims contemplated by the parties' agreement and the Court's Orders (ECF Nos. 23, 33). If the stipulation is received sooner, and has been properly signed by Plaintiff, Defendants will file it promptly. If Defendants do not receive the signed stipulation by February 11, 2026, Defendants request leave to instead file a brief status report by that date advising the Court whether any issue has arisen that prevents filing.

Finally, Defendants understand the requested extension does not affect any other currently scheduled dates in this action; accordingly, no revised case management plan is implicated at this time.

The Defendants thank the Court for its time and consideration of this matter.

Respectfully Submitted,

/s/ *John McLaughlin*

John McLaughlin
Attorney for Defendants
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2670
jmclaugh@law.nyc.gov

Cc:   **VIA FIRST CLASS MAIL**
David Johnson (25-B-3242)
Wende Correctional Facility
Wende Rd, P.O. Box 1187
Alden, NY 14004-1187
*Plaintiff Pro Se*