UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- x

DAVID JOHNSON,

                                                          Plaintiff,

                      -against-

POLICE OFFICER HERBERT WROTEN (#26425 17th Pct.),
POLICE OFFICER CHARLES MORRO (#1011 13th Pct.),
POLICE OFFICER LUIS DIAZ (#19018 10th Pct.), POLICE
OFFICER ALBERT VITARELLI (#3966 1st Pct.), POLICE
OFFICER DANIELLE VENUTO (#7106 9th Pct.), POLICE
OFFICER KEITH KEALY (#2948 MTS Pct.), and LAUREN
HELMESET (#31755 MTS Pct.),

                                                          Defendants.
------------------------------------------------------------------------------- x

**STIPULATION OF PARTIAL VOLUNTARY DISMISSAL AND AGREEMENT REGARDING FILING OF SEPARATE ACTIONS**

25 Civ. 4719 (JPC) (SLC)

        **WHEREAS,** plaintiff David Johnson ("Plaintiff"), proceeding *pro se*, commenced this action by filing a Complaint on or about June 3, 2025, asserting claims under 42 U.S.C. § 1983 arising out of arrests that occurred on or about May 28, 2023; October 23, 2023; and December 19, 2023;

        **WHEREAS,** defendants Police Officers Herbert Wroten and Luis Diaz and Police Detectives Charles Morro, Albert Vitarelli, Danielle Venuto, Keith Kealy, and Lauren Helmeset (collectively, "Defendants") deny any and all liability arising out of Plaintiff's allegations;

        **WHEREAS,** at a telephonic conference held on November 13, 2025, the parties agreed, and the Court directed them, to submit a stipulation (a) dismissing Plaintiff's allegations related to his October 23, 2023 and December 19, 2023 arrests and allowing only the allegations related to the May 28, 2023 arrests to remain in this action, and (b) providing that Plaintiff may file two separate complaints related to the October 23, 2023 and December 19, 2023 arrests;

**NOW, IT IS HEREBY STIPULATED AND AGREED,** by the undersigned, as follows:

1. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), any and all claims asserted in this action arising out of or relating to Plaintiff's arrests on or about October 23, 2023 (the "Oct. 2023 arrests") and December 19, 2023 (the "Dec. 2023 arrest") are voluntarily dismissed without prejudice and without costs, expenses, or attorneys' fees to any party.

2. Plaintiff expressly reserves the right to file two separate civil actions in this Court asserting claims, if any, arising out of or relating to the Oct. 2023 arrests and the Dec. 2023 arrest, respectively. Nothing in this paragraph shall be construed as expressing any view by Defendants as to the merits or timeliness of any such future action.

3. Plaintiff agrees that, within thirty (30) days of the Court's So-Ordering this Stipulation, he will file an amended complaint in this action that asserts only claims, if any, arising out of or relating to his arrests on or about May 28, 2023. Plaintiff further agrees that he will not assert in this Action any claims arising out of or relating to the Oct. 2023 arrests or Dec. 2023 arrest, which may be brought, if at all, only in the separate civil actions described in paragraph 2. Plaintiff understands that, consistent with federal pleading practice in this Circuit, the amended complaint will replace, and not supplement, the original complaint, and that only those claims and defendants named in the amended complaint will remain at issue in this action

4. As a result of the foregoing, Plaintiff's claims in this Action arising out of or relating to his arrests on or about May 28, 2023 shall remain pending in this Action against the Defendants named in, and to the extent alleged in, the operative amended complaint.

5. Nothing in this Stipulation shall be construed as an admission of liability, wrongdoing, or fault by any Defendant, or as a waiver of any defenses, rights, or arguments available to Defendants in this action or in any future action, except as expressly set forth herein.

6.   This Stipulation contains all the terms and conditions agreed upon by counsel for defendants and Plaintiff hereto and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

7.   This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

Dated: New York, New York
       1/22/_____, 2026

DAVID JOHNSON
*Plaintiff Pro Se*
DIN: 25-B-3242
Wende Correctional Facility
Wende Rd, P.O. Box 1187
Alden, NY 14004-1187

By: _____
    David Johnson
    *Plaintiff Pro Se*

MURIEL GOODE-TRUFANT
Corporation Counsel of the
    City of New York
*Attorney for Defendants*

100 Church Street, 3rd Floor
New York, New York 10007

By: _____  2/5/26
    John McLaughlin, Esq.
    *Assistant Corporation Counsel*

SO ORDERED:

_____
JOHN P. CRONAN
United States District Judge

Date: February 10, 2026