UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————X



DAVID L. JOHNSON,

        PLAINTIFF

      -against-

                      AFFIRMATION IN
                      OPPOSITION
                      25 Civ. 4719 (JPC)(SLC)

HERBERT WROTEN,#26425, 17th Pct.,<u>et al.</u>,

        DEFENDANT
                        X
———————————————————————

DAVID JOHNSON, citizen of the state New York, and Plaintiff above, makes the following affirmation under penalties of perjury:

1. I am the Plaintiff in the above caption matter under the Civil Docket Number 25 Civ.4719 (JPC)(SLC), as such, I am familiar with the facts and circumstances of this case, based upon my review of the defendant's file (Herbert Wroten# 26425, 17th Pct., et al.).

2. I submit this affirmation in opposition to defendants' motion for an order, pursuant to F.R.C.P. Rule 12(b)(6), requesting summary judgment and request to dismiss the amended complaint.

3. This claim arises out of Seven (7) false arrests, and Seven (7) malicious prosecutions (Exhibit# _1_ ) by the New York County District Attorney's Office based upon Felony Complaints filed by the following New York County Police Officers:

Police Officer# 1, Herbert Wroten,#26425, 17th Precinct;
Police Officer# 2, Charles Morro,#1011, 13th Precinct;
Police Officer# 3, Luis Diaz,#19018, 10th Precinct;
Police Officer# 4, Albert Vitarelli,#3966, 1st Precinct;
Police Officer# 5, Danielle Venuto,#7106, 9th Precinct;
Police Officer# 6, Keith Kealy,#2948, M.T.S. Precinct;
Police Officer# 7, Lauren Helmeset,#31755, M.T.S. Precinct;

4. The Seven (7) cases were dismissed by N.Y. Supreme Court Justices, see (Exhibit# _2_ ). Thus, Plaintiff filed his 1983

claim against defendants. At all times, Plaintiff alleges that the S.D.N.Y. has jurisdiction.

5. By the unquestionable status as N.Y.C. Police Officers, they are N.Y. State Citizens, swearing to uphold the laws of the State, and operating under the Color of State Law, see (Exhibit# 3 , the 2025 Stipulation Agreement to file separate actions).

6. The Claimant served his initial claim on the defendants on or about June 3rd 2025, asserting claims under 42 U.S.C. sec.1983 arising out of arrests that occurred on or about:

A) May 28th, 2023 (in New York County [Exhibit# ✓]);

B) October 23rd, 2023 (in New York County [Exhibit# ✓]);

C) December 19th, 2023 (in New York County [Exhibit# ✓]);

7. By way of Stipulation Agreement, Plaintiff agreed to file separate actions in 2025, see (Exhibit# ✓, the 2025 Stipulation to file Separate Actions), which was granted by the S.D.N.Y. Court in the following dockets:

| 25 Civ. 4719 | 25 Civ. 10760 | 25 Civ. 10728 |
|---|---|---|
| A) Herbert Wroten; | A) Vitarelli; | A) Lauren Helmeset; |
| B) Luis Diaz; | B) Danielle Venuto; | |
| C) Charles Morro; | C) Keith Kealy; | |

Thus, at all times, Plaintiff and Defendants are Citizens in the Jurisdiction

8. Thus, the Corporation Counsel of the City of New York (Attorney for Defend ant Wroten) incorrectly stated that Wroten is the only defendant named in the amended complaint (Exhibit# 4 , Def.'s Memorandum, page# 1, Footnote# 1).

9. Secondly, the Attorney for the defendant Wroten is also making a request to dismiss the rest of the defendants from the case, using the term "terminated" (Exhibit# ___, Def.'s Memorandum, page# 1, Footnote# 1) no attorney has acknowledged representing any other defendant by way of affirmation in these actions, nor has any defendant filed pro se answering affidavits within any of the dockets. Therefore, Plaintiff stands upon the Stipulation Agreement regarding filing separate actions (Exhibit# ✓), and no defendant be dismissed from any action mentioned above, which was not stipulated thereto (Exhibit# ✓) it was not a waiver of any defenses or arguments.

Thus, Plaintiff opposes any defendant being dismissed from any of the three Civil Rights Actions.

10. None of the defendants are entitled to qualified immunity, if they never answered the Civil Rights Complaint, they may in fact acknowledge the wrongdoing mentioned within the Complaints, and stipulate to some actions, or

all actions.

11. Within the defendant Wroten's Memorandum at pages#4,5,6, & 8, Paragraphs 3 (of pg#4), 2 & 3 (of pg#5), 1 & 2 (of pg#6), and 2 & 3 (of pg#8), claims that he is an officer of the N.Y. Police Department (N.Y.P.D.), who is entitled to qualified immunity, if he had either:

  [1].# Probable Cause to arrest Plaintiff; or

  [2].# Arguable Probable Cause to arrest Plaintiff;

and due to such both the false arrest and malicious prosecution claims must be dismissed (Exhibit# ✓ , Def.'s Memorandum).

12. According to the U.S. Supreme Court, there is no Probable Cause to arrest if the case was dismissed, see **Heck v. Humphrey**, 512 U.S. 477, at pages#484-485 (1994): "One element that must be alleged and proved in a malicious prosecution action is the termination of the prior criminal proceeding in favor of the accu sed ... This requirement 'avoids parallel litigation over the issues of PROBABLE CAUSE and guilt... and it precludes the possibility of the Claimant succeeding in the tort action after having been convicted in the criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'"

13. Plaintiff Johnson, never made any confessions to committing any of the 7 seven crimes he was falsely arrested for.

14. Plaintiff Johnson, never was arrested at any of the alleged crime scenes that were mentioned in the Felony Complaints.

15. Plaintiff Johnson, never was arrested with any evidence connecting him to any of these offenses alleged by the defendants.

16. The action for a malicious prosecution cannot be maintained until the prosecution has terminated; for otherwise the Plaintiff might obtain judgment in the one case and yet be convicted in the other, which would of course disprove the averment of a want of PROBABLE CAUSE, see **Heck**, 512 U.S. at pg# 494 (1994).

17. To recover damages for allegedly unconstitutional conviction, imprisonment, or for other harm caused by actions whose unlawfulness would render conviction or sentence invalid, section 1983 Plaintiff must prove that:

  [1]. Conviction or Sentence has been reversed on direct appeal,

  [2]. Expunged by executive order,

  [3]. Declared invalid by State Tribunal Authorized to make such determination or[4]. Called into question by Federal Court's issuing of Writ of Habeas Corpus

see 42 USCA sec.1983; 28 USCA sec.2254; Heck, 512 U.S. at pg#487.

18. Plaintiff Johnson's Seven cases were declared invalid by State Court authorized to make such determination, there cannot be any qualified immunity.

19. This is a Federal Proceeding, therefore the F.R.C.P. apply, not the General Municipal Law 50-e or any N.Y.S. subdivisions of N.Y. law as mentioned at point two of the defendant's Memorandum (Exhibit#✓).

20. Defendant Wroten has never once explained, as to why Mr. Johnson was even picked as a suspect, within his Felony Complaint given to the N.Y. District Attorney's Office. Nothing is given, just charges (Exhibit# ✓, Felony Complaint of Wroten).

21. As explained within the amended complaint, defendants Wroten (of the 17th Pct.); Diaz (of the 10th Pct.); and Morro (of the 13th Pct.) all of the N.Y.P.D (in New York County) operated within the Color of State Law to violate Plaintiff's Civil Rights and his Constitutional Rights, as follows:

A). Defendant Wroten (of the 17 Pct.) had issued an I-card warrant against Plaintiff from a 8/7/2021 criminal matter (Exhibit# ✓) also (Exhibit# ✓, Criminal Court Complaint);

B). Defendant Morro (of the 13th Pct.) also issued an arrest warrant for the Plaintiff due to a 5/13/2023 criminal matter (Exhibit# ✓) also (Exhibit#___, Criminal Court Complaint);

C). Defendant Diaz (of the 10th Pct.), who is a Warrant Officer for the 10th Precinct Unit, actually arrested Plaintiff on 5/28/2023 based on both criminal matters issued by Wroten & Morro (Exhibit# ✓), and (Exhibit# ✓, docket of arrest CR015057-23N.Y.);

D). The disposition of the criminal charges were dismissals (Exhibit# ✓, Ruling from the N.Y. Courts) as to these matters. Thus, no Probable Cause to arrest Plaintiff, which falls under false arrest.

E). Thus, Plaintiff filed amended complaint under 25 Civ. 4719 (Exhibit# ✓, Stipulated Agreement to file separate complaints), due to the fact that the defendants had no Probable Cause to arrest, and Justices had dismissed all charges (Exhibit# ✓). And the Plaintiff entitled the case: Johnson v. Wroten, et al., letting the reader be aware that others are included in such action.

22. According to the U.S. Supreme Court, there is no Probable Cause to arrest if the case was dismissed, see Heck v. Humphrey, 512 U.S. 477, at pages#484-485 (1994).

23. Thus, Plaintiff opposes any defendant being dismissed from any of the three

Civil Rights actions.

24. The Motion for dismissal (Rule 12[b]) must be supported by evidentiary proof in admissible form to demonstrate that there are no material issues of fact that are triable. The moving party has failed to make a prima facie showing of his entitlement to judgment. The motion should be denied.

25. Further, it is well established that summary judgment is a drastic remedy that should not be granted where there is any doubt as to the existence of triable fact, and the motion to dismiss should be denied. It is clear in this case that movant is not entitled to summary judgment, nor dismissal, since material questions of fact still exist, and the S.D.N.Y. is the proper jurisdictional venue for a Civil Rights action, as a result the motion should be denied.


WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that the defendants' motion be denied.

Dated: June 17 th, 2026,

Alden, Erie County New York

X _____

David L. Johnson, 25B3242
Wende Correctional Facility
3040 Wende Rd., PO Box 1187,
Alden, N.Y. 14004-1187

25 Civ 4719

# EXHIBITS

1 tom ~~2~~

David L. Johnson Plaintiff
Against
Herbert WRoten #26425 17th Pct et, al.
Defendants Also charles morro #10.11
13th Pct
Luis Diaz # 19018 10th Pct.

### ⬇ Cycle 35 ⬆
## This arrest has been consolidated with CJTN 70321424H

### Arrest/Charge Information
Arrest Date: May 28, 2023 03:05 am (03:05:00)

| | |
|---|---|
| Name: | DAVID JOHNSON |
| Date of Birth: | September 13, 1969 |
| Sex: | Male |
| Race: | Black |
| Ethnicity: | Not Hispanic |
| Height: | 5' 11" |
| Weight: | 185 |
| Age at time of crime/arrest: | 53 |
| Address: | 1106 WEST FARMS ROAD, BRONX, NY |
| Fax Number: | MP5185 |
| Place of Arrest: | NYCPD 10 |
| Arrest Type: | Unknown |
| Date of Crime: | May 28, 2023 |
| Place of Crime: | NYCPD 10 |
| Criminal Justice Tracking No.: | 70321305K |
| Arresting Agency: | NYCPD PCT 010 |
| Arresting Officer ID: | 950322 |
| Arrest Number: | M23622127 |
| Arraignment: | New York County Criminal Court |

### Arrest Charges:

-- Criminal Possession Controlled Substance- 7th Degree

   PL 220.03    Counts: 8 Class A Misdemeanor Degree 7 NCIC 3599

-- False Personation

   PL 190.23          Class B Misdemeanor Degree 0 NCIC 2604

**No Court Reported Information**

---

### ⬇ Cycle 34 ⬆
## Violent Felony Offense

### Arrest/Charge Information
Arrest Date: May 28, 2023 09:00 am (09:00:00)

| | |
|---|---|
| Name: | DAVID JOHNSON |
| Date of Birth: | September 13, 1969 |
| Sex: | Male |
| Race: | Black |
| Ethnicity: | Not Hispanic |

Height:                          5' 11"
Weight:                          185
Age at time of crime/arrest:     53
Address:                         1106 WEST FARMS ROAD, BRONX, NY
Fax Number:                      M16233
Place of Arrest:                 NYCPD 13
Arrest Type:                     Unknown
Date of Crime:                   May 13, 2023
Place of Crime:                  NYCPD 13
Criminal Justice Tracking No.:   70321424H
Arresting Agency:                NYCPD PCT 013
Arresting Officer ID:            956956
Arrest Number:                   M23622139
Arraignment:                     New York County Criminal Court



Arrest Charges:

    -- Grand Larceny 4th:Property Taken From Person
        PL 155.30    Sub 05   Class E Felony Degree 4 NCIC 2399

## Court Case Information

--Court: New York County Criminal Court    Case Number: CR-015057-23NY

May 29, 2023
**Initial Report Of Docket Number**

May 29, 2023
**Arraigned**
    -- Robbery-2nd:Causes Physical Injury
        PL 160.10    Sub 02A              Class C Felony        NCIC 1299

    -- Robbery-3rd Degree
        PL 160.05                          Class D Felony        NCIC 1299

    -- Grand Larceny 4th:Property Taken From Person
        PL 155.30    Sub 05   Counts: 2 Class E Felony        NCIC 2399

    -- Grand Larceny-4th:Credit Card
        PL 155.30    Sub 04              Class E Felony        NCIC 2399

    -- Criminal Possession Controlled Substance- 7th Degree
        PL 220.03                          Class A Misdemeanor NCIC 3599

    -- False Personation
        PL 190.23                          Class B Misdemeanor NCIC 2604



# NEW YORK CRIMINAL COURT

100 Centre St., New York, NY 10013

Phone: (646) 386-4500 Fax: (212) 374-5293

Court ORI: NY030033J

**NO FEE**

**Non-Public Version**

The People of the State of New York

vs.

**David Johnson**

**Certificate of Disposition**

Docket Number:       **CR-015057-23NY**

CJTN:                        70321424H

NYSID:                      05549683J

Defendant DOB: **09/13/1969**          Arrest Date: **05/28/2023**          Arraignment Date: **05/29/2023**

THIS IS TO CERTIFY that the undersigned has examined the files of the **New York Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 160.10 02A CF Rob-2nd:Causes Physical Injury **SEALED 160.50** | CF | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 12/07/2023 |
| 2 | PL 160.05 DF Robbery-3rd **SEALED 160.50** | DF | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 12/07/2023 |
| 3 | PL 155.30 04 EF Grand Larceny-4th:Credit Card **SEALED 160.50** | EF | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 12/07/2023 |
| 4-5 | PL 155.30 05 EF Gr Lar 4th:Property Frm Person **SEALED 160.50** | EF | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 12/07/2023 |
| 6 | PL 220.03 AM Crim Poss Contrl Subst-7th **SEALED 160.50** | AM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 12/07/2023 |
| 7 | PL 190.23 BM False Personation **SEALED 160.50** | BM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 12/07/2023 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated:  **May 1, 2024**          SEALED

**Chief Clerk/Clerk of the Court**

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

David Johnson (M 53);

Defendant.

FELONY

ADA Myles Ashong
2123359794

Police Officer Luis Diaz, Shield #19018 of the PBMS SPECIALIZED UNITS, states as follows:

*The defendant is charged with:*

1. PL 160.10(2)(a)  Robbery in the Second Degree
   (defendant #1: 1 count)
2. PL 160.05  Robbery in the Third Degree
   (defendant #1: 1 count)
3. PL 155.30(4)  Grand Larceny in the Fourth Degree
   (defendant #1: 1 count)
4. PL 155.30(5)  Grand Larceny in the Fourth Degree
   (defendant #1: 2 count)
5. PL 220.03  Criminal Possession of a Controlled Substance in the Seventh Degree
   (defendant #1: 1 count)
6. PL 190.23  False Personation
   (defendant #1: 1 count)

At the times and places described below in the County and State of New York, the defendant forcibly stole property and in the course of the commission of the crime and immediate flight therefrom the defendant or another participant in the crime caused physical injury to a person who was not a participant in the crime; the defendant forcibly stole property; the defendant stole a credit or debit card; the defendant stole property from the person of another; the defendant knowingly and unlawfully possessed a controlled substance; the defendant, after being informed of the consequences of such act, knowingly misrepresented defendant's actual name, date of birth and address to a police officer and peace officer with intent to prevent such officer from ascertaining such information;

*The factual basis for these charges are as follows:*

I am informed by Police Officer Herbert Wroten, Shield #26425, that he is informed by an individual (Informant 1) that, on August 7, 2021, at approximately 2:10 AM, in front of 223 East 32 Street, Informant 1 was standing on the sidewalk when he was approached by the

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

David Johnson (M 53),

Defendant.

FELONY

ADA Myles Ashong
2123359794

defendant, who offered him a cigarette. I am further informed that Informant 1 then took one hit of the cigarette, and felt dizzy and fell to the sidewalk. I am further informed that the defendant then removed Informant 1's Rolex Submariner watch from his wrist. I am further informed that Informant 1 sustained an abrasion to his left wrist, as well as bruising and scratching to his hip.

I am informed by Detective Charles Morro, Shield 1011, that he is informed by an individual (Informant 2) that, on May 13, 2023, at approximately 12:00 AM, in front of 131 West 23 Street, Informant 2 was walking down the sidewalk when the defendant approached him and offered him a cigarette. I am further informed by Informant 2 that he smoked the cigarette briefly and then he lost consciousness. I am further informed that, when Informant 2 woke up, he was laying on the ground. I am further informed that Informant 2's wallet was no longer in his pocket. I am further informed that Informant's wallet contained his driver's license, three credit cards, an MTA card, and U.S. currency.

On May 28, 2023, at approximately 3:05 AM across from 255 West 14 Street, I observed five small clear twists of cocaine fall from the defendant's sweatshirt sleeve. I know that the bags contained cocaine based on my professional training as a police officer in the identification of drugs, my prior experience as a police officer making drug arrests, and my observation of the packaging, which is characteristic of cocaine.

The defendant told me that his name was Derek Lowry. I then warned the defendant that giving false biographical information to a police officer is a crime. After I informed him of this, the defendant continued to repeat that his name was Derek Lowry. I later ran a fingerprint search through the New York Statewide Identification system which showed that the defendant's name is in fact David Johnson.

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

David Johnson (M 53),

Defendant.

FELONY

ADA Myles Ashong
2123359794

False statements made in this written instrument are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law, and as other crimes.

*P.O. Diaz*

Police Officer Luis Diaz

5/28/23    2025

Date    Time

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x

DAVID JOHNSON,

                                              Plaintiff,

-against-

POLICE OFFICER HERBERT WROTEN (#26425 17th Pct.),
POLICE OFFICER CHARLES MORRO (#1011 13th Pct.),
POLICE OFFICER LUIS DIAZ (#19018 10th Pct.), POLICE
OFFICER ALBERT VITARELLI (#3966 1st Pct.), POLICE
OFFICER DANIELLE VENUTO (#7106 9th Pct.), POLICE
OFFICER KEITH KEALY (#2948 MTS Pct.), and LAUREN
HELMESET (#31755 MTS Pct.),

                                              Defendants.

------------------------------------------------------------------------- x

**STIPULATION OF
PARTIAL VOLUNTARY
DISMISSAL AND
AGREEMENT
REGARDING FILING OF
SEPARATE ACTIONS**

25 Civ. 4719 (JPC) (SLC)

WHEREAS, plaintiff David Johnson ("Plaintiff"), proceeding *pro se*, commenced this action by filing a Complaint on or about June 3, 2025, asserting claims under 42 U.S.C. § 1983 arising out of arrests that occurred on or about May 28, 2023; October 23, 2023; and December 19, 2023;

WHEREAS, defendants Police Officers Herbert Wroten and Luis Diaz and Police Detectives Charles Morro, Albert Vitarelli, Danielle Venuto, Keith Kealy, and Lauren Helmeset (collectively, "Defendants") deny any and all liability arising out of Plaintiff's allegations;

WHEREAS, at a telephonic conference held on November 13, 2025, the parties agreed, and the Court directed them, to submit a stipulation (a) dismissing Plaintiff's allegations related to his October 23, 2023 and December 19, 2023 arrests and allowing only the allegations related to the May 28, 2023 arrests to remain in this action, and (b) providing that Plaintiff may file two separate complaints related to the October 23, 2023 and December 19, 2023 arrests;

6.    This Stipulation contains all the terms and conditions agreed upon by counsel for defendants and Plaintiff hereto and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

7.    This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

Dated: New York, New York

_____, 202_

DAVID JOHNSON
*Plaintiff Pro Se*
DIN: 25-B-3242
Wende Correctional Facility
Wende Rd, P.O. Box 1187
Alden, NY 14004-1187

By: _____

David Johnson
*Plaintiff Pro Se*

MURIEL GOODE-TRUFANT
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street, 3rd Floor
New York, New York 10007

By: _____

John McLaughlin, Esq.
*Assistant Corporation Counsel*

SO ORDERED:

_____

HON. SARAH L. CAVE
UNITED STATES MAGISTRATE JUDGE

Dated: _____, 202_

25 Civ. 4719 (JPC)(SLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID JOHNSON,

Plaintiff,

-against-

HERBERT WROTEN, #26425 17TH PCT.,

Defendant.

## DEFENDANT WROTEN'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS THE AMENDED COMPLAINT

**STEVEN BANKS**

*Corporation Counsel of the City of New York*
*Attorney for Defendant Wroten*
*100 Church Street*
*New York, N.Y. 10007*

*By:  Hannah Oleynik*
*Tel: (212) 356-2663*

## PRELIMINARY STATEMENT

The Amended Complaint claims that May 28, 2023, Plaintiff was arrested by police officers of the New York City Police Department ("NYPD"). The Amended Complaint is devoid of virtually any other details, other than claiming that Defendant Herbert Wroten was somehow involved in the arrest and that it may have been pursuant to an arrest warrant. Accordingly, Plaintiff's Amended Complaint is devoid of any specific facts that could demonstrate that Defendant Wroten violated the Fourth Amendment. Thus, the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted.[1]

## STATEMENT OF FACTS

Plaintiff appears to allege that, on May 28, 2023, he was arrested "due to a criminal matter" which had occurred on August 7, 2021. (Amended Complaint [hereinafter "AC"], at p. 4). Plaintiff does not specify what "criminal matter" he was arrested for. Plaintiff claims that Defendant Herbert Wroten filed the arrest. (*Id.*). Plaintiff also seems to allege that he was arrested pursuant to a warrant, claiming that he was arrested by "Manhattan Warrant 10th Pct officers based on Defendant Herbert Wroten warrant arrest had against Plaintiff David L. Johnson in 8/7/21 matter." (*Id.*). Plaintiff claims that the charges underlying his arrest were dismissed on October 23, 2023. (*Id.* at p. 5).

---

[1] As a preliminary matter, although Defendant Wroten is the only defendant named in the Amended Complaint, the civil docket sheet still lists the City of New York, Keith Kealy, Lauren Helmeset, Albert Vitarelli, Luis Diaz, Charles Muro, and Danielle Venuto. Because no defendants other than Defendant Wroten are named in the Amended Complaint, the rest of the defendants should be terminated from the case. *See, e.g., Lumumba v. Marquis*, Civil Action No. 2:13-cv-69, 2013 U.S. Dist. LEXIS 141994, at *18-*19 (D. Vt. Aug. 27, 2013) ("In light of their absence from the Amended Complaint, Marquis and Berthiaume should be terminated as defendants, and their Motion to Dismiss (Doc. 13) should be DENIED AS MOOT.").

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that pleads facts that are "'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the court must grant a motion to dismiss." *Yamashita v. Scholastic Inc.*, 936 F.3d 98, 104 (2d Cir. 2019).

While it is not necessary for a complaint to contain detailed factual allegations, the complaint must nonetheless contain sufficient factual material to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Hence, a pleading that merely contains "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678. Similarly, "naked assertions devoid of further factual enhancement[s]" are insufficient. *Twombly*, 550 U.S. at 557. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions … a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

In considering a Rule 12(b)(6) motion, the court must accept the allegations in the complaint as true and draw "all reasonable inferences in favor of the plaintiff." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 (2002); *Buon v. Spindler*, 65 F.4th 64, 76 (2d Cir. 2023). When considering dismissing a complaint drafted by a pro se plaintiff, the court must liberally construe the complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "A pro se complaint, however

2

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* However, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006). Courts may not "read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest; that we should not excuse frivolous or vexatious filings by pro se litigants." *Id.* (internal quotations and citations omitted). "[D]ismissal of a pro se complaint is appropriate where a plaintiff has clearly failed to meet the minimum pleading requirements." *Davila v. Gutierrez*, 330 F. Supp. 3d 925, 934 (S.D.N.Y. 2018) (internal marks omitted).

## ARGUMENT

### POINT I

### PLAINTIFF FAILS TO ALLEGE THAT ANY ARREST OCCURRED WITHOUT PROBABLE CAUSE

"A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures[,] . . . is substantially the same as a claim for false arrest under New York law." *Kee v. City of New York*, 12 F.4th 150, 158 (2d Cir. 2021) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). "Under New York law, to prevail on a claim for false arrest, a plaintiff must show that (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Alexander v. City of Syracuse*, 132 F.4th 129, 156 (2d Cir. 2025). Probable cause defeats a claim for false arrest. *Covington v. City of New York*, 171 F.3d 117, 122 (2d Cir. 1999). "Probable cause exists when one has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of

3

reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Williams v. Town of Greenburgh*, 535 F.3d 71, 79 (2d Cir. 2008).

Plaintiff's claims that Defendant Wroten falsely arrested him are too vague to prevail. "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Here, Plaintiff vaguely states in broad and conclusory terms that Defendant Wroten was somehow involved in his arrest. He provides no additional detail, and nothing that allows the conclusion that his arrest violated the Fourth Amendment. Indeed, Plaintiff does not identify why he was arrested or with which he was charged. Courts in this Circuit routinely dismiss false arrest and malicious prosecution claims that consist of nothing more than a "formulaic recitation of the elements of a cause of action." *Id.* at 678; *see, e.g., Kirby v. Abraham*, 5:24-cv-0522 (BKS/TWD), 2024 U.S. Dist. LEXIS 216779, at *11 (N.D.N.Y. Oct. 25, 2024) (noting a plaintiff must allege "facts related to his arrest suggesting there was no probable cause for his arrest"); *Etuk v. City of New York*, 1:24-cv-04962 (GHW) (SDA), 2025 U.S. Dist. LEXIS 109225, at *13 ("In his moving papers, Plaintiff does not include any facts regarding the circumstances of his arrest. Thus, Count VI should be dismissed."), *adopted*, 2025 U.S. Dist. LEXIS 122843 (S.D.N.Y. June 27, 2025) (Woods, J.); *Williams v. New York*, 20-CV-5113 (AMD) (LB), 2022 U.S. Dist. LEXIS 152293, at *21-*22 (E.D.N.Y. Aug. 24, 2022) (dismissing Fourth Amendment claim). Because Plaintiff's false arrest claim is conclusory and threadbare, the Court should dismiss it.

Moreover, the existence of an arrest warrant establishes a presumption of probable cause. *Heyliger v. Peters*, 771 F. App'x 96, 98 (2d Cir. 2019) (citing *Walczyk v. Rio*, 496 F.3d 139, 156 (2d Cir. 2007). A facially valid arrest warrant provides probable cause, even if the warrant later turns out to be erroneous, invalid, or mistaken in some way. *Dawson v. City of New York*, 13-CV-

4

5956 (JMF), 2014 U.S. Dist. 143448, at *4 (S.D.N.Y. Oct. 8, 2014). To rebut this, a plaintiff must show the warrant's facial invalidity or "that defendants misled a judicial officer. . . by knowingly or recklessly including material misstatements in, or omitting material information from, the warrant affidavits." *Mara v. Rilling*, 921 F.3d 48, 73 (2d Cir. 2019).

Though not entirely clear, Plaintiff appears to claim that officers from the New York City Police Department's 10th Precinct warrant squad arrested him, and that he was arrested pursuant to a warrant. (*See* AC at p. 4 ("Based on Defendant's Herbert Wroten warrant arrest had against Plaintiff."). To the extent that Plaintiff contends his arrest was pursuant to a judicial warrant, this further undermines his false arrest claim. Plaintiff alleges nothing that would undercut the validity of a warrant. Accordingly, Plaintiff's complaint should be dismissed on these grounds, as well.

Finally, to the extent that the Court construes the Amended Complaint as attempting to assert a malicious prosecution claim, this fails as well. Like false arrest, "'the existence of probable cause is a complete defense to a claim of malicious prosecution in New York.'" *Bruno v. City of New York*, 2019 U.S. Dist. LEXIS 26095, 2019 WL 690340, at *33 (S.D.N.Y. Feb. 18, 2019) (quoting *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003)). Moreover, to maintain a federal claim for malicious prosecution, a Plaintiff must also allege the initiation of criminal proceedings by the defendant, favorable termination, malice, and, for federal claims, a sufficient post-arraignment seizure. *Kee v. City of New York*, 12 F.4th 150, 162 (2d Cir. 2021). Beyond Plaintiff's failure to allege a lack of probable cause, the Amended Complaint is devoid of any non-conclusory allegations as to the initiation of proceedings by Defendant Wroten, malice, and a post-arraignment seizure suffered by Plaintiff. Accordingly, any malicious prosecution claim should be dismissed as well.

## POINT II

### ANY STATE LAW CLAIMS SHOULD BE DISMISSED FOR LACK OF JURISDICTION AND FAILING TO COMPLY WITH THE GENERAL MUNICIPAL LAW

To the extent the Court construes the AC as asserting state law claims, these claims fail as well. As an initial matter, Plaintiff has not adequately alleged that the Court has subject-matter jurisdiction over his claims. Plaintiff has not alleged that he and Defendant Wroten are citizens of different states. 28 U.S.C. § 1332; *Universal Reinsurance Co., Ltd. v. St. Paul Fire and Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000) ("[F]ailure to allege [the parties'] citizenship in a particular state is fatal to diversity jurisdiction."). Moreover, Defendant Wroten contends that, because Plaintiff's federal claims should be dismissed for the reasons set forth herein, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and, accordingly, dismiss this matter in its entirety. *See Pitchell v. Callan*, 13 F.3d 545, 549 (2d Cir. 1994) (affirming lower court's finding that "[i]t is axiomatic that a court should decline to exercise jurisdiction over state-law claims when it dismisses the federal claims.").

To the extent that this Court does retain supplemental jurisdiction over Plaintiff's state law claims, they must be dismissed, nevertheless, for Plaintiff's failure to comply with New York General Municipal Law § 50-I, *et seq*. Under New York law, when suing the City or its employees, a notice of claim is required pursuant to GML § 50-e(1)(b). GML § 50-e requires that a notice of claim be filed within ninety days of the accrual of the cause of action when a suit is being brought against a municipality and/or its employees. Therefore, when suing the City and/or its employees, plaintiff must timely file a notice of claim. Moreover, a notice of claim is a statutory precondition to suit against a municipality or any of its officers, agents or employees. GML §§ 50-e and

6

50(i)(1)(a); *Barchet v. New York City Transit Authority*, 20 N.Y.2d 1, 6 (1967). "Absent a showing of such notice of claim, the complaint may be dismissed for failure to state a cause of action." *Horvath v. Daniel*, 423 F. Supp. 2d 421, 423 (S.D.N.Y. 2006); *see also Walsh v. City of New York*, 19 Civ. 9238 (AT), 2021 U.S. Dist. LEXIS 62982, at \*37 (S.D.N.Y. Mar. 31, 2021) (dismissing state claims where plaintiff did not plead that he filed notice of claim); *Bey Wilson El v. City of New York*, 14-cv-9055-GHW, 2015 U.S. Dist. LEXIS 53555, at \*21-\*22 (S.D.N.Y. Apr. 23, 2015) (same). Furthermore, a party must also comply with GML § 50-h, which requires a party to appear for an examination; if a party fails to appear for an examination, state law claims are barred. *See Przybyla v. Cnty. of Suffolk*, 09-CV-5129 (AYS), 2017 U.S. Dist. LEXIS 30842, at \*4 (E.D.N.Y. Mar. 3, 2017). Plaintiff's state law claims fail because he fails to allege that, within ninety days of the date of incident, he filed a Notice of Claim. This failure is fatal to any state law claims that Plaintiff purports to raise, and accordingly, these claims must be dismissed.

### POINT III

### DEFENDANT WROTEN IS ENTITLED TO QUALIFIED IMMUNITY

"[B]ecause qualified immunity protects officials not merely from liability but from litigation, . . . the issue should be resolved when possible on a motion to dismiss, 'before the commencement of discovery,' to avoid subjecting public officials to time consuming and expensive discovery procedures." *Allah v. City of N.Y.*, No. 15-CV-6852, 2018 U.S. Dist. LEXIS 232869, at \*46 (E.D.N.Y. Sep. 28, 2018) (quoting *Garcia v. Does*, 779 F.3d 84, 97 (2d Cir. 2015)).

Qualified immunity protects public officials from damages claims where the alleged conduct "'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pierre v. The City of New York*, 860 F. App'x 14, 15 (2d Cir. 2021) (quoting *Defore v. Premore*, 86 F.3d 48, 50 (2d Cir. 1996)). A right is "clearly

7

established" if it is "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *McKinney v. City of Middletown*, 49 F.4th 730, 738 (2d Cir. 2022). To establish this right, there must be "controlling authority" or "a robust consensus of cases of persuasive authority" recognizing the right at issue. *Id.* at 738-39. "Existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, 580 U.S. 73, 79 (2017). Qualified immunity generally "protects all but the plainly incompetent or those who knowingly violate the law." *Pierre*, 860 F. App'x at 15.

For both false arrest and malicious prosecution claims, "an officer is entitled to qualified immunity if he had either probable cause or arguable probable cause." *Dufort v. City of New York*, 874 F.3d 338, 354 (2d Cir. 2017); *Guan v. City of New York*, 37 F.4th 797, 806 (2d Cir. 2022). "Arguable probable cause exists where it was objectively reasonable for the officer to believe that probable cause existed, or . . . officers of reasonable competence could disagree on whether the probable cause test was met." *Myers v. Patterson*, 819 F.3d 625, 633 (2d Cir. 2016). ). "Only where an officer's 'judgment was so flawed that no reasonable officer would have made a similar choice,' is the denial of qualified immunity appropriate." *Louis v. City of New York*, 15 Civ. 5229 (ER), 2017 U.S. Dist. LEXIS 19340, at *15 (S.D.N.Y. Feb. 10, 2017) (quoting *Provost v. City of Newburgh*, 262 F.3d 146, 160 (2d Cir. 2001)).

Here, even if the Court finds that Plaintiff has alleged a constitutional violation, the Court should dismiss Plaintiff's claims as barred by qualified immunity, because he has not demonstrated that Defendant Wroten violated a clearly established right. Plaintiff fails to allege that Defendant Wroten lacked at least arguable probable cause to arrest him. Accordingly, this claim should also be dismissed on qualified immunity grounds.

8

## CONCLUSION

For the foregoing reasons, Defendant Wroten respectfully requests that the Court dismiss the Amended Complaint in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), together with such other and further relief as this Court may deem just and proper.

Dated: May 18, 2026
　　　New York, NY

　　　　　　　　　　　　　　　　　　　**STEVEN BANKS**
　　　　　　　　　　　　　　　　　　　Corporation Counsel of the City of New York
　　　　　　　　　　　　　　　　　　　*Attorney for Defendant Wroten*
　　　　　　　　　　　　　　　　　　　100 Church Street
　　　　　　　　　　　　　　　　　　　New York, New York 10007
　　　　　　　　　　　　　　　　　　　T: (212) 356-2663

　　　　　　　　　　　By:　　*/s/ Hannah Oleynik*
　　　　　　　　　　　　　　　　　　Hannah Oleynik, Esq.[2]
　　　　　　　　　　　　　　　　　　*Assistant Corporation Counsel*
　　　　　　　　　　　　　　　　　　Special Federal Litigation

Cc:　　**BY FIRST CLASS MAIL**
　　　　David Johnson
　　　　DIN: 25B3242
　　　　Wende Correctional Facility
　　　　Wende Rd, P.O. Box 1187
　　　　Alden, NY 14004-1187
　　　　*Pro Se Plaintiff*

---

[2] In accordance with Local Civil Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I hereby certify that the total number of words in the foregoing Memorandum of Law, inclusive of point headings and footnotes, is 2,792. I have relied on the Word Count function of Microsoft Word to prepare this certification.

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

DAVID JOHNSON,

                                          Plaintiff,    **NOTICE OF MOTION**

               -against-                    25 Civ. 4719 (JPC)(SLC)

HERBERT WROTEN # 26425 17th PCT,

                                        Defendant.

------------------------------------------------------------------------- x

        **PLEASE TAKE NOTICE** that upon the Memorandum of Law, dated May 18, 2026, Defendant Herbert Wroten will move before the Honorable Sarah L. Cave at the United States Courthouse for the Southern District of New York, located at 500 Pearl Street, New York, New York 10007, for an order dismissing the above-captioned matter, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.

        **PLEASE TAKE FURTHER NOTICE,** that, Plaintiff is to serve his opposition papers on or before July 17, 2026;[1] and

---

[1] Pursuant to Section III.A of Your Honor's Individual Practices in Civil Cases, the parties have agreed to this proposed briefing schedule. The parties propose this briefing schedule to account for any delays that may occur due to Plaintiff's pro se and incarcerated status.

**PLEASE TAKE FURTHER NOTICE** that the moving defendants are to serve their

reply papers on or before August 7, 2026.

Dated:          New York, New York
                May 18, 2026

                                        STEVEN BANKS
                                        Corporation Counsel of the City of
                                            New York
                                        *Attorney for Defendant Wroten*
                                        100 Church Street
                                        New York, New York 10007
                                        P: (212) 356-2663

                                        By:    *Hannah Oleynik* /s/
                                               Hannah Oleynik, Esq.
                                               *Assistant Corporation Counsel*

Cc:    **BY FIRST CLASS MAIL**
       David Johnson
       DIN: 25B3242
       Wende Correctional Facility
       Wende Rd, P.O. Box 1187
       Alden, NY 14004-1187
       *Pro Se Plaintiff*

- 2 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x

DAVID JOHNSON,

                                    Plaintiff,      **NOTICE OF LOCAL CIVIL**
                                                **RULE 12.1 TO PRO SE**

                -against-                      **PLAINTIFFS**
                                                25 Civ. 4719 (JPC)(SLC)

HERBERT WROTEN # 26425 17ᵗʰ PCT,

                                    Defendant.

------------------------------------------------------------------------- x


        **PLEASE TAKE NOTICE** that Defendant Herbert Wroten in this case has moved

to dismiss the Amended Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

This means the aforementioned Defendant has asked the Court to decide this case without a trial,

based on these written materials. You are warned that the Court may treat this motion as a motion

for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For this reason,

THE CLAIMS YOU ASSERT IN YOUR AMENDED COMPLAINT MAY BE DISMISSED

WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION ON TIME by filing

sworn affidavits as required by Rule 56(c) and/or other documents. The full text of Rule 56 of the

Federal Rules of Civil Procedure is attached. In short, Rule 56 provides that you may NOT oppose

Defendant's motion simply by relying upon the allegations in your Amended Complaint. Rather,

you must submit evidence, such as witness statements or documents, countering the facts asserted

by Defendant and raising specific facts to support your claim. If you have proof of your claim,

now is the time to submit it. Any witness statements must be in the form of affidavits. An affidavit

is a sworn statement of fact based on personal knowledge stating facts that would be admissible in

evidence at trial. You may submit your own affidavit and/or the affidavits of others. You may

submit affidavits that were prepared specifically in response to Defendant's motion. If you do not respond to the motion on time with affidavits and/or documents contradicting the facts asserted by Defendant, the Court may accept Defendant's facts as true. Your case may be dismissed and judgment may be entered in Defendant's favor without a trial.

IF YOU HAVE ANY QUESTIONS, YOU MAY DIRECT THEM TO THE *PRO SE* OFFICE OF THE SOUTHERN DISTRICT OF NEW YORK.

Dated:          New York, New York
                May 18, 2026

                                        STEVEN BANKS
                                        Corporation Counsel of the City of
                                            New York
                                        *Attorney for Defendant Wroten*
                                        100 Church Street
                                        New York, New York 10007
                                        P: (212) 356-2663

                                        By:    *Hannah Oleynik /s/*
                                               Hannah Oleynik, Esq.
                                               *Assistant Corporation Counsel*

Cc:     **BY FIRST CLASS MAIL**

        David Johnson
        DIN: 25B3242
        Wende Correctional Facility
        Wende Rd, P.O. Box 1187
        Alden, NY 14004-1187
        *Pro Se Plaintiff*

2

Rule 56.  Summary Judgment

(a) Motion for Summary Judgment or Partial Summary Judgment.  A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) Procedures.
   (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
      (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
      (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
   (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
   (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
   (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
   (1) defer considering the motion or deny it;
   (2) allow time to obtain affidavits or declarations or to take discovery; or
   (3) issue any other appropriate order.

(e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
   (1) give an opportunity to properly support or address the fact;
   (2) consider the fact undisputed for purposes of the motion;

3

(3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

(4) issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

**Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment**

(a) Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

(b) The papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried.

(c) Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

(d) Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c).

5

05 civ 10760

# EXHIBITs

## 1 to 3

DAVID L. JOHNSON plaintiff
Against Albert Vitarelli
# 3966 1st pct et, al, Defendants also
Danielle Venuto # 7106 9th pct.
Keith Kealy # 2948 MTS pct.

*EX 1*

CR-030456-23NY

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

David Johnson (M 53),

Defendant.

FELONY

ADA Myles Ashong
(212)335-9794

Detective Albert Vitarelli, Shield # 3966 of the 1st Precinct Detective Squad, states as follows:

*The defendant is charged with:*

| | | |
|---|---|---|
| 1 | PL 160.10(2)(a) | Robbery in the Second Degree (defendant # 1 : 1 count) |
| 2 | PL 121.12 | Strangulation in the Second Degree (defendant # 1 : 1 count) |
| 3 | PL 155.30(4) | Grand Larceny in the Fourth Degree (defendant # 1 : 1 count) |

On or about July 04, 2023 at about 11:30 PM, inside of Battery Park, between State Street and Battery Place; in the County and State of New York, the defendant forcibly stole property and in the course of the commission of the crime and immediate flight therefrom the defendant or another participant in the crime caused physical injury to a person who was not a participant in the crime; the defendant, with intent to impede the normal breathing and circulation of the blood of another person, applied pressure on the throat and neck of such person, and thereby caused stupor, loss of consciousness for any period of time, and any other physical injury and impairment; the defendant stole a credit or debit card;

*The factual basis for these charges are as follows:*

I am informed by an individual of an address known to the District Attorney's Office ("Individual 1"), that he was riding the subway in the County and State of New York when he encountered the defendant, DAVID JOHNSON, and that the defendant, DAVID JOHNSON, while on the subway, began making physical, inviting gestures towards Individual 1. Individual 1 further stated in substance that the defendant DAVID JOHNSON was friendly towards him, engaged him in a conversation, and ultimately invited Individual 1 to go for a walk with him.

I am further informed by Individual 1 that he exited the subway at Fulton Street station and walked to Battery Park alongside and with the defendant, DAVID JOHNSON,

Page 2 of 2

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

David Johnson (M 53),

Defendant.

FELONY

ADA Myles Ashong
(212)335-9794

in order to get to know each other inside of the park.

While inside of Battery Park, the defendant DAVID JOHNSON repeatedly invited Individual 1 to smoke a marijuana cigarette that DAVID JOHNSON had previously prepared, but Individual 1 declined. I am further informed by Individual 1 that the defendant DAVID JOHNSON continually flirted with and attempted to cuddle with him.

Shortly thereafter, while still inside of Battery Park, Individual 1 observed the defendant place his arm around Individual 1's neck and apply pressure, causing substantial pain to Individual 1's neck, as well as difficulty swallowing and loss of his voice all of which ultimately required medical attention. I am further informed by Informant that as a result of the defendant applying pressure to Informant's neck, Informant lost consciousness.

I am further informed by Individual 1 that, upon regaining consciousness, Individual 1 observed the defendant, DAVID JOHNSON, running and fleeing from the location and Individual 1 observed that his wallet was no longer in his possession, although it was in his possession before his encounter with the defendant.

I am further informed by Individual 1 that: (1) Individual 1 had one debit card in the above-described wallet; and (2) Individual 1 received one or more alerts from his bank, including one for attempted usage of the debit card at 96 Tobacco Shop located at 2571 Broadway, New York, NY at approximately 12:28 AM on July 5, 2023.

I obtained and reviewed video surveillance footage from inside of 2571 Broadway, New York, NY at approximately 12:28 AM on July 5, 2023 and observed the defendant, DAVID JOHNSON, making a purchase at approximately that time.

False statements made in this written instrument are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law, and as other crimes.

Detective  Albert Vitarelli

10/23/2023    2055
Date    Time

Certificate #: U-000057516-N

Page 1 of 1



# NEW YORK CRIMINAL COURT

100 Centre St., New York, NY 10013

Phone: (646) 386-4500  Fax: (212) 374-5293

# NO FEE
Non-Public
Version

Court ORI: NY030033J

| The People of the State of New York | **Certificate of Disposition** | |
|---|---|---|
| vs. | Docket Number: | **CR-030456-23NY** |
| **David Johnson** | | |

|  | CJTN: | 70482468Z |
|---|---|---|
|  | NYSID: | 05549683J |

Defendant DOB: **09/13/1969**      Arrest Date: **10/23/2023**      Arraignment Date: **10/24/2023**

THIS IS TO CERTIFY that the undersigned has examined the files of the **New York Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 160.10 02A CF Rob-2nd:Causes Physical Injury **SEALED 160.50** | CF | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 04/29/2024 |
| 2 | PL 121.12 DF Strangulation 2nd Degree **SEALED 160.50** | DF | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 04/29/2024 |
| 3 | PL 155.30 04 EF Grand Larceny-4th:Credit Card **SEALED 160.50** | EF | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 04/29/2024 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: **May 1, 2024**

_____
**Chief Clerk/Clerk of the Court**

## CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)] Charges may not be the same as the original arrest charges.

CPL 160.50:    All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.

SEALED



| | |
|---|---|
| Height: | 5' 09" |
| Weight: | 200 |
| Age at time of crime/arrest: | 53 |
| Address: | 365 EAST 183 STREET, BRONX, NY |
| Fax Number: | M33053 |
| Place of Arrest: | NYCPD 1 |
| Arrest Type: | Unknown |
| Date of Crime: | July 04, 2023 |
| Place of Crime: | NYCPD 1 |
| Criminal Justice Tracking No.: | 70482468Z |
| Arresting Agency: | NYCPD PCT 001 |
| Arresting Officer ID: | 935939 |
| Arrest Number: | M23645424 |
| Arraignment: | New York County Criminal Court |

**Arrest Charges:**

-- Strangulation 2nd-Obstruct Breath/Blood Circ-Cause Physical Injury

PL 121.12          Class D     Felony     Degree 2     NCIC 1399

-- Robbery-3rd Degree

PL 160.05          Class D     Felony     Degree 3     NCIC 1299

## Court Case Information

--Court: New York County Criminal Court    Case Number: CR-030456-23NY

October 24, 2023
**Initial Report Of Docket Number**

October 24, 2023
**Arraigned**

-- Robbery-2nd:Causes Physical Injury

PL 160.10     Sub 02A     Class C     Felony     NCIC 1299

-- Strangulation 2nd-Obstruct Breath/Blood Circ-Cause Physical Injury

PL 121.12               Class D     Felony     NCIC 1399

-- Grand Larceny-4th:Credit Card

PL 155.30     Sub 04     Class E     Felony     NCIC 2399

April 29, 2024
**Dismissed, Failure To Provide Speedy Trial CPL30.30**

-- Robbery-2nd:Causes Physical Injury

PL 160.10     Sub 02A     Class C     Felony     NCIC 1299

-- Strangulation 2nd-Obstruct Breath/Blood Circ-Cause Physical Injury

CR-030455-23NY

*EX 2*

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

David Johnson (M 53),

Defendant.

FELONY

ADA Myles Ashong
(212)335-9794

Detective Danielle Venuto, Shield # 7106 of the 9th Precinct Detective Squad, states as follows:

*The defendant is charged with:*

| | | |
|---|---|---|
| 1. | PL 160.10(1) | Robbery in the Second Degree (defendant # 1 : 1 count) |
| 2. | PL 160.10(2)(a) | Robbery in the Second Degree (defendant # 1 : 1 count) |
| 3. | PL 120.05(5) | Assault in the Second Degree (defendant # 1 : 1 count) |
| 4. | PL 155.30(5) | Grand Larceny in the Fourth Degree (defendant # 1 : 1 count) |

On or about July 20, 2023 at about 01:00 AM, in front of 290 Elizabeth Street; in the County and State of New York, the defendant forcibly stole property while being aided by another person actually present; the defendant forcibly stole property and in the course of the commission of the crime and immediate flight therefrom the defendant or another participant in the crime caused physical injury to a person who was not a participant in the crime; the defendant, for a purpose other than lawful medical treatment, intentionally caused physical impairment to another person by administering to him, without his consent, a substance capable of producing the same; the defendant stole property from the person of another;

*The factual basis for these charges are as follows:*

I am informed by an individual known to the District Attorney's Office (Informant), that, on July 20, 2023 at approximately 1:00 am, in front of 290 Elizabeth Street, in the State and County of New York, Informant observed two black male individuals, one wearing glasses and the other wearing a bucket hat, approach Informant and offer a marijuana cigarette. I am further informed by Informant that, upon taking a pull of said cigarette, Informant was unable to speak or stand up. I am further informed by Informant that, the aforementioned male wearing glasses then took Informant's phone from Informant's hand and began accessing the contents of Informant's phone.

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

David Johnson (M 53),

                                           Defendant.

FELONY

ADA Myles Ashong
(212)335-9794

Informant further states that his bank account had multiple unauthorized transactions on it that occurred after the above-described events, including, a Zelle payment in the amount of 500 dollars in United States currency. Informant further states that the defendant did not have permission or authority to take or possess his phone, or to access his bank account.

I viewed video surveillance from July 20, 2023 at approximately 1:00 AM, in front of 290 Elizabeth Street, and observed two black male individuals, one bald male wearing gold-framed glasses, a white t-shirt, black pants with blue trim around the ankles, and the other male wearing a blue bucket hat, blue pants and black and white shoes. I further observed the bald male holding two phones, as Informant attempted to reach toward the phone, at which point both above-described males fled the location.

I recognize the above-described bald male to be the defendant.

False statements made in this written instrument are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law, and as other crimes.

_____          10/23/23    2125hrs
Detective Danielle Venuto          Date        Time

Certificate #: U-000057515-N

Page 1 of 2



# NEW YORK CRIMINAL COURT

100 Centre St., New York, NY 10013

Phone: (646) 386-4500  Fax: (212) 374-5293

## NO FEE
**Non-Public Version**

Court ORI: NY030033J

The People of the State of New York

vs.

**David Johnson**

**Certificate of Disposition**

Docket Number: **CR-030455-23NY**

CJTN: 70482470J

NYSID: 05549683J

Defendant DOB: **09/13/1969**

Arrest Date: **10/23/2023**

Arraignment Date: **10/24/2023**

THIS IS TO CERTIFY that the undersigned has examined the files of the **New York Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 160.10 01 CF Robbery-2nd:Aided By Another **SEALED 160.50** | CF | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 04/29/2024 |
| 2 | PL 160.10 02A CF Rob-2nd:Causes Physical Injury **SEALED 160.50** | CF | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 04/29/2024 |
| 3 | PL 120.05 05 DF Assault:Impair-Drug/Substance **SEALED 160.50** | DF | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 04/29/2024 |
| 4 | PL 155.30 05 EF Gr Lar 4th:Property Frm Person **SEALED 160.50** | EF | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 04/29/2024 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: **May 1, 2024**

**Chief Clerk/Clerk of the Court**

## CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition—are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)] Charges may not be the same as the original arrest charges.

SEALED

pursuant to Section 160.50 of the CPL

Arrest Date: October 23, 2023 02:20 pm (14:20:00)

| | |
|---|---|
| **Name:** | DAVID JOHNSON |
| **Date of Birth:** | September 13, 1969 |
| **Sex:** | Male |
| **Race:** | Black |
| **Ethnicity:** | Not Hispanic |
| **Height:** | 5' 09" |
| **Weight:** | 200 |
| **Age at time of crime/arrest:** | 53 |
| **Address:** | 365 EAST 183 STREET, BRONX, NY |
| **Fax Number:** | M33054 |
| **Place of Arrest:** | NYCPD 1 |
| **Arrest Type:** | Unknown |
| **Date of Crime:** | July 20, 2023 |
| **Place of Crime:** | NYCPD 9 |
| **Criminal Justice Tracking No.:** | 70482470J |
| **Arresting Agency:** | NYCPD PCT 001 |
| **Arresting Officer ID:** | 935939 |
| **Arrest Number:** | M23645425 |
| **Arraignment:** | New York County Criminal Court |

**Arrest Charges:**

-- Robbery-2nd:Aided By Another
   PL 160.10    Sub 01    Class C  Felony  Degree 2  NCIC 1299

-- Robbery-2nd:Causes Physical Injury
   PL 160.10    Sub 02A   Class C  Felony  Degree 2  NCIC 1299

-- Assault 2nd Degree: Impair or Injure Person with Drug or Substance
   PL 120.05    Sub 05    Class D  Felony  Degree 2  NCIC 1399

-- Grand Larceny 4th :Value Property Greater Than $1000
   PL 155.30    Sub 01    Class E  Felony  Degree 4  NCIC 2399

-- Grand Larceny 4th:Property Taken From Person
   PL 155.30    Sub 05    Class E  Felony  Degree 4  NCIC 2399

## Court Case Information

--**Court:** New York County Criminal Court    **Case Number:** CR-030455-23NY

October 24, 2023
**Initial Report Of Docket Number**

October 24, 2023
**Arraigned**

*EX 3*

CR-030457-23NY

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

David Johnson (M 54),

Defendant.

FELONY

ADA Myles Ashong
(212)335-9794

Detective Keith Kealy, Shield # 2948 of the Midtown South Precinct Detective Squad, states as follows:

*The defendant is charged with:*

PL 160.10(1)          Robbery in the Second Degree
                      (defendant # 1 : 1 count)

On or about October 08, 2023 at about 03:10 AM, at the north east corner of West 36th Street and Avenue of the Americas; in the County and State of New York, the defendant forcibly stole property while being aided by another person actually present;

*The factual basis for this charge is as follows:*

I am informed by Detective Argenys Concepcion, of the Midtown South Detective Squad, Shield 04786, that he is informed by an individual known to the District Attorney's Office (Informant #1) that two individuals approached him at the above-described location. I am further informed by Detective Concepcion that he is informed by Informant #1 that one of the above-described individuals stated: "Let me see me your cellphone and wallet." I am further informed by Detective Concepcion that he is informed by Informant #1 that he then observed one of the above-described individuals place their hands in their pocket causing Informant #1 to fear for his safety. I am further informed by Detective Concepcion that he is informed by Informant #1 that after observing one of the above-described individuals place his hand in his pocket, Informant #1 gave one of the above-described individuals his phone and wallet. I am further informed by Detective Concepcion that he is informed by Informant #1 that the above-described individuals were both male blacks in their 40s-50s.

I am informed by Detective Concepcion that he retrieved video-surveillance depicting the above-described interaction from video surveillance located at 72 West 36th Street from approximately 3:10am on October 8th, 2023. I am further informed by Detective Concepcion that he retrieved video surveillance from Argus camera at West 36th and 6th Avenue from October 8th, 2023, at approximately 3:14am and watched the video-surveillance with Informant #1. I am further informed by Detective Concepcion that he is

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

| THE PEOPLE OF THE STATE OF NEW YORK | FELONY |
| -against- | |
| David Johnson (M 54), | ADA Myles Ashong |
| Defendant. | (212)335-9794 |

informed by Informant #1 that Informant #1 identified themself in the video. I am informed by Detective Concepcion that one of the above-described individuals in the above-described video surveillance was wearing black sweatpants with a blue trim at the bottom of the pant.

I am further informed by Detective Concepcion that he retrieved additional video surveillance from October 8th, 2023, at approximately 3:14am from inside the Herald Square Train station Argus camera where he observed the above-described individual wearing black sweatpants with blue trim. I am further informed by Detective Concepcion that he created a still image from the video surveillance retrieved from the Herald Square Train Station. I am informed by Detective Concepcion that on October 10th, 2023, at approximately 6:37pm, he conferred with Captain Bekim Kalicovic, of PBMS SU, Tax 936834, and that he is informed by Captain Kalicovic that he observed the defendant in the above-described still image based on previous interactions.

**False statements made in this written instrument are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law, and as other crimes.**

| _Det Kealy_ | 10/23/2023 | 2001 |
| Detective  Keith Kealy | Date | Time |

CR 030457-23 NY

| | |
|---|---|
| Age at time of crime/arrest: | 54 |
| Address: | 365 EAST 183 STREET, BRONX, NY |
| Fax Number: | M33057 |
| Place of Arrest: | NYCPD 1 |
| Arrest Type: | Unknown |
| Date of Crime: | October 08, 2023 |
| Place of Crime: | NYCPD Midtown S |
| Criminal Justice Tracking No.: | 70482472Q |
| Arresting Agency: | NYCPD PCT 001 |
| Arresting Officer ID: | 935939 |
| Arrest Number: | M23645429 |
| Arraignment: | New York County Criminal Court |

Arrest Charges:

     -- Robbery-3rd Degree
        PL 160.05    Class D Felony Degree 3 NCIC 1299


## Court Case Information

--Court: New York County Criminal Court    Case Number: CR-030457-23NY

October 24, 2023
**Initial Report Of Docket Number**

October 24, 2023
**Arraigned**

     -- Robbery-2nd:Aided By Another
        PL 160.10    Sub 01  Class C Felony NCIC 1299

April 29, 2024
**Dismissed, Failure To Provide Speedy Trial CPL30.30**

     -- Robbery-2nd:Aided By Another
        PL 160.10    Sub 01  Class C Felony NCIC 1299

April 29, 2024
**Sealed Upon Termination Of Criminal Action In Favor Of The Accused CPL160.50**

April 29, 2024
**Not Arraigned**

     -- Robbery-3rd Degree
        PL 160.05    Class D Felony NCIC 1299

---

⬇ **Cycle 38** ⬆
**Violent Felony Offense**

## Arrest/Charge Information

25 CIV 10728

# EXHIBITs

1 to 3

David L. Johnson Plaintiff
Against Defendant
Lauren Helmeset, #31755
MTs Pct

*EX 1*

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

David Johnson (M 54),

Defendant.

FELONY

ADA Myles Ashong
(212)335-9794

Police Officer Lauren Helmeset, Shield # 31755 of the Midtown South Precinct Detective Squad, states as follows:

*The defendant is charged with:*

| | | |
|---|---|---|
| 1 | PL 190.79(3) | Identity Theft in the Second Degree (defendant # 1 : 1 count) |
| 2 | PL 165.45(2) | Criminal Possession of Stolen Property in the Fourth Degree (defendant # 1 : 1 count) |

On or about November 16, 2023 at about 02:00 AM, at 1666 Broadway, in the County and State of New York, the defendant, knowingly and with intent to defraud, assumed the identity of another person by presenting the defendant as that other person, and by acting as that other person and by using personal identifying information of that other person, and thereby committed and attempted to commit a felony and acted as an accessory to the commission of a felony; the defendant knowingly possessed a stolen credit card, debit card and public benefit card with intent to benefit a person other than an owner of the property and to impede recovery by an owner thereof;

*The factual basis for these charges are as follows:*

I am informed by an individual known to the District Attorney's Office (individual 1) that he passed out on the sidewalk in the area of West 36 Street and Avenue of the Americas in the early morning of November 16, 2023 and that when he woke up in the hospital, his property, including his bag, camera, and credit cards were missing. I am further informed that he then got a notification that his credit card was used to make a purchase of approximately $158 at the above-described date, time, and location. I am further informed by individual 1 that no one, including the defendant, had permission or authority to take, possess, or use his credit card.

I observed, via video surveillance from the above-described date, time, and location, the defendant use a credit card to make a purchase at the store at the above-described location.

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

David Johnson (M 54),

Defendant.

FELONY

ADA Myles Ashong
(212)335-9794

False statements made in this written instrument are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law, and as other crimes.

10/17/23     27 25

Police Officer  Lauren Helmeset          Date        Time

Certificate #: U-000057514-N

*EX 2*

Page 1 of 1



# NEW YORK CRIMINAL COURT
100 Centre St., New York, NY 10013
Phone: (646) 386-4500  Fax: (212) 374-5293

## NO FEE
Non-Public
Version

Court ORI: NY030033J

| The People of the State of New York | **Certificate of Disposition** | |
|---|---|---|
| vs. | Docket Number: | **CR-035847-23NY** |
| **David Johnson** | | |
| | CJTN: | 70543671R |
| | NYSID: | 05549683J |
| Defendant DOB: **09/13/1969** | Arrest Date: **12/19/2023** | Arraignment Date: **12/20/2023** |

THIS IS TO CERTIFY that the undersigned has examined the files of the **New York Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 190.79 03 EF Identity Theft 2-Commit Felony **SEALED 160.50** | EF | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 04/29/2024 |
| 2 | PL 165.45 02 EF Cpsp-4th:Poss Credit Card **SEALED 160.50** | EF | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 04/29/2024 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: **May 1, 2024**

**Chief Clerk/Clerk of the Court**

## CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)]

Charges may not be the same as the original arrest charges.

CPL 160.50: All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.



SEALED pursuant to Section 160.50 of the CPL

⬇ **Cycle 40** ⬆

*EX3*

## Arrest/Charge Information
Arrest Date: December 19, 2023 12:15 pm (12:15:00)

| | |
|---|---|
| **Name:** | DAVID JOHNSON |
| **Date of Birth:** | September 13, 1969 |
| **Sex:** | Male |
| **Race:** | Black |
| **Ethnicity:** | Not Hispanic |
| **Height:** | 5' 09" |
| **Weight:** | 200 |
| **Age at time of crime/arrest:** | 54 |
| **Address:** | 365 EAST 183 STREET, BRONX, NY |
| **Fax Number:** | M39610 |
| **Place of Arrest:** | NYCPD Midtown S |
| **Arrest Type:** | Unknown |
| **Date of Crime:** | November 16, 2023 |
| **Place of Crime:** | NYCPD Midtown S |
| **Criminal Justice Tracking No.:** | 70543671R |
| **Arresting Agency:** | NYCPD PCT 014 |
| **Arresting Officer ID:** | 952840 |
| **Arrest Number:** | M23654366 |
| **Arraignment:** | New York County Criminal Court |

**Arrest Charges:**

-- Grand Larceny-4th:Credit Card
   PL 155.30    Sub 04   Class E Felony       Degree 4 NCIC 2399

-- Criminal Possession Stolen Property-5th Degree
   PL 165.40                Class A Misdemeanor Degree 5 NCIC 2804

6/65