25 Civ. 4719 (JPC)(SLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID JOHNSON,

                                        Plaintiff,

              -against-

HERBERT WROTEN, #26425 17TH PCT.,

                                        Defendant.

## DEFENDANT WROTEN'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION TO DISMISS THE AMENDED COMPLAINT

### STEVEN BANKS

*Corporation Counsel of the City of New York*
*Attorney for Defendant Wroten*
*100 Church Street*
*New York, N.Y. 10007*

*By:  Hannah Oleynik*
*Tel: (212) 356-2663*

**PRELIMINARY STATEMENT**

Plaintiff David Johnson's Opposition to Defendant Herbert Wroten's motion to dismiss does little to salvage Plaintiff's insufficient pleading. Rather, Plaintiff merely re-states the same conclusory allegations included in the Complaint and makes a feeble attempt to add Defendants he neglected to include in the Complaint. Additionally, Plaintiff attaches documents which further undercut his argument that his arrest and prosecution lacked probable cause. The Complaint does not state a plausible claim for relief, and for this reason and those stated in his moving papers, the Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

**ARGUMENT**

**POINT I**

**PLAINTIFF       MISCONSTRUES       THE
STANDARD OF REVIEW**

Plaintiff appears to claim that Defendant's motion fails because "The motion for dismissal (Rule 12[b]) must be supported by evidentiary proof in admissible form to demonstrate that there are no material issues of fact that are triable." (Affirmation of David Johnson in Opposition, ECF Dkt. No. 55 [hereinafter "Pls. Opp."] at p. 5). This is not the standard for motions pursuant to Fed. R. Civ. P. 12(b)(6). At the motion to dismiss stage, courts generally do not consider matters outside the pleadings, and the standard is not whether there is a triable issue of fact, but is instead, whether the "complaint . . . contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 202 (2d Cir. 2013). From the face of the Complaint, Plaintiff has not stated a viable claim for relief, and the Rules do not require Defendant to submit "evidentiary proof" in support of his motion.

**POINT II**

**DEFENDANT WROTEN IS THE ONLY PROPER DEFENDANT IN THIS MATTER**

Plaintiff writes that Defendant's motion "incorrectly stated that Wroten is the only Defendant named in the amended complaint." (Plaintiff's Opposition [hereinafter Pls. Opp. at p. 2). As Plaintiff acknowledges, he signed a stipulation which stated "Plaintiff agrees that . . . he will file an amended complaint in this action that asserts **only claims, if any, arising out of or relating to his arrests on or about May 28, 2023**." Stipulation of Partial Voluntary Dismissal and Agreement Regarding Filing of Separate Actions, ECF Dkt. No. 39 (emphasis added). The stipulation also noted that Plaintiff had agreed to assert any claims arising out of his October 2023 or December 2023 arrests in separate lawsuits. *Id.* Further, the stipulation stated, "Plaintiff understands that, consistent with federal pleading practice in this Circuit, the amended complaint will replace, and not supplement, the original complaint, and that **only those claims and defendants named in the amended complaint will remain at issue** in this action." *Id.* (emphasis added).

The Amended Complaint filed on April 14, 2026 names only Defendant Wroten. It does not mention any of the other defendants at all. (Amended Complaint, ECF Dkt. No. 46). Accordingly, pursuant to both the terms of the stipulation and standard federal practice, Defendant Wroten is the only named Defendant in this action. *See* Fed. R. Civ. P. 10(a); *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect."). Plaintiff's improper

attempt to amend his pleading via his opposition to add defendants he neglected to include in his Amended Complaint should be rejected.[1]

**POINT III**

**PLAINTIFF IS MISTAKEN ABOUT THE STANDARD FOR FALSE ARREST AND MALICIOUS PROSECUTION CLAIMS**

The crux of Plaintiff's opposition appears to rely upon his erroneous understanding of *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff claims that "According to the U.S. Supreme Court, there is no probable cause to arrest if the case was dismissed." (Pls. Opp. at p. 3, 5). This is not correct. Rather, as *Heck* explains, "**One** element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." 512 U.S. at 484 (emphasis added). *Heck* stands for the proposition that plaintiffs cannot bring claims for prosecutions in which they were found guilty. *Id.* at 487 ("A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983."). It does not state, as Plaintiff claims, that dismissal of a criminal case equates to a finding that an arrest occurred without probable cause. Indeed, prevailing law in this Circuit holds the opposite. *See Warren v. Byrne*, 699 F.2d 95, 98 (2d Cir. 1983) ("[F]avorable termination has no bearing whatever in and of itself on want of probable cause."); *see also Ryder v. Czajka*, No. 25-397, 2026 U.S. App. LEXIS 8960, at *6-*7 (2d Cir. Mar. 27, 2026) (affirming dismissal of § 1983 action where "beyond the mere fact of dismissal, [plaintiff] alleges no facts to suggest that law enforcement officers lacked probable cause to arrest him."). Neither the Complaint nor Plaintiff's Opposition provide any information—beyond conclusory assertions and Plaintiff's flawed

---

[1] Defendant Wroten respectfully notes that even if the Court considered the Amended Complaint as attempting to assert claims against additional parties, the claims against those parties would fail for the same reasons that the claims against him fail.

3

understanding of precedent—to suggest that Plaintiff's arrest lacked probable cause. Accordingly, the Court should dismiss any claim for false arrest or malicious prosecution.

**POINT IV**

**TO THE EXTENT THE COURT CONSIDERS PLAINTIFF'S ATTACHMENTS, THEY UNDERCUT HIM**

As part of Plaintiff's Opposition, he attaches approximately forty pages of documents. (*See* Pls. Opp. at p. 6-48). "Relating to a pro se plaintiff's complaint, the Court may consider 'materials outside the complaint to the extent that they are consistent with the allegations in the complaint.'" *Qurashi v. Ocwen Loan Servicing*, 16-CV-3093(JMA)(AYS), 2018 U.S. Dist. LEXIS 23654, at *3 (E.D.N.Y. Feb. 12. 2018) (quoting *Alsaifullah v. Furco*, 12 Civ. 2907 (ER), 2013 U.S. Dist. LEXIS 110398, 2013 WL 3972514, at *4 n. 3 (S.D.N.Y. 2013)). "Therefore, the Court may consider documents that a pro se plaintiff attaches to his opposition papers." *Id.*

The relevance of many of the documents attached by Plaintiff is not clear. For example, Plaintiff attaches what appears to be an excerpt of his rap sheet, with no additional information other than questions marks that he seems to have written in the margins. (Pls. Opp. at p. 7-8). A substantial portion of the attachments include an unsigned stipulation of dismissal, and the entirety of Defendants' opening moving papers. (*Id.* at p. 12-13, 15-31). Plaintiff also attaches court documents related to his July 4, 2023, July 20, 2023, October 8, 2023, and November 16, 2023 arrests. (Pls. Opp. at p. 32-48). The operative complaint in this action relates exclusively to Plaintiff's May 28, 2023 arrest, and the details of Plaintiff's other arrests have no bearing on this action. (*See* Amended Complaint, ECF Dkt. No. 47); *see also* Stipulation of Partial Voluntary Dismissal and Agreement Regarding Filing of Separate Actions, ECF Dkt. No. 39 ("Plaintiff agrees that, within thirty (30) days of the Court's So-Ordering this Stipulation, he will file an

amended complaint in this action that asserts only claims, if any, arising out of or relating to his arrests on or about May 28, 2023.").

The only document that has any substantive bearing on this action is a criminal complaint dated May 28, 2023, signed under penalty of perjury by Officer Luis Diaz. (Pls. Opp. at p. 10-12). The criminal court complaint sheds some light on the hazy allegations asserted in the Amended Complaint. It explains that another individual had informed Defendant Wroten that Plaintiff had offered the individual a cigarette, that the cigarette caused the individual to pass out, and that, when the individual awoke, his Rolex watch was gone. (*Id.*). The complaint also details another, similar incident, about which Officer Luiz was informed, as well as Officer Luiz's May 28, 2023 observation that five bags of cocaine fell out of Plaintiff's sleeves. (*Id.*).

The criminal court complaint only weakens Plaintiff's claims for relief. As the document explains, Plaintiff was arrested based on complaints made by multiple informants, and after Officer Luiz witnessed Plaintiff drop several bags of cocaine.  (Pls. Opp. at p. 10-12). It is well-settled that, when a complaining victim's statement to police forms the basis for an arrest, "probable cause exists . . . unless the circumstances raise doubt as to the person's veracity." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006). Generally, "the veracity of citizen complaints who are the victims of the very crime they report . . . is assumed." *Miloslavsky v. AES Eng'g Soc., Inc.*, 808 F. Supp. 351, 355 (S.D.N.Y. 1992).

Any of the incidents described in the complaint would suffice to establish probable cause to arrest Plaintiff. Instead of challenging the version of events described in the criminal complaint, Plaintiff rests his argument on legally unsound assertions that his arrest lacked probable cause because he did not make a confession, and was not arrested at the crime scene or with any alleged evidence of the crime. (Pls. Opp. at p. 3). None of these arguments are availing, because "[w]hen

information is received from a putative victim or an eyewitness, probable cause exists." *Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001). Rather than helping Plaintiff's case, the attachments further demonstrate why this case should be dismissed.

## POINT IV

### THE REMAINDER OF PLAINTIFF'S OPPOSITION IS NOT MEANINGFUL

The remainder of Plaintiff's Opposition consists of a recitation of the procedural history of this case, and a repetition of the same vague and undetailed description of his arrests. Plaintiff also fails to meaningfully address Defendant's qualified immunity argument, and reiterates his claims that his May 28, 2023 arrest was based upon a warrant, without addressing Defendant's argument that this further weakens his case. (Pls. Opp. at p. 4). Finally, Plaintiff does not address Defendant's argument that the Court lacks jurisdiction over any state law claims that the Complaint purports to assert, and instead claims that the General Municipal Law does not apply because this is a federal action. (*Id.*). Compliance with G.M.L. § 50-e has "been strictly construed by both state and federal courts." *Bailey v. Tricolla*, CV-94-4597 (CPS), 1996 U.S. Dist. LEXIS 20067, at *11 (E.D.N.Y. Dec. 11, 1996). Because Plaintiff fails to meaningfully respond to the argument that the Court should dismiss any state law claims, the Court should dismiss those claims, as well.

6

**CONCLUSION**

For the foregoing reasons and those stated in his moving papers, Defendant Wroten respectfully requests that the Court dismiss the Amended Complaint in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), together with such other and further relief as this Court may deem just and proper.

Dated: August 7, 2026
      New York, NY

**STEVEN BANKS**
Corporation Counsel of the City of New York
*Attorney for Defendant Wroten*
100 Church Street
New York, New York 10007
T: (212) 356-2663

By:    /s/ *Hannah Oleynik*
      Hannah Oleynik, Esq.[2]
      *Assistant Corporation Counsel*
      Special Federal Litigation

Cc:    **BY FIRST CLASS MAIL**
      David Johnson
      DIN: 25B3242
      Wende Correctional Facility
      Wende Rd, P.O. Box 1187
      Alden, NY 14004-1187
      *Pro Se Plaintiff*

---

[2] In accordance with Local Civil Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I hereby certify that the total number of words in the foregoing Memorandum of Law, inclusive of point headings and footnotes, is 1,833. I have relied on the Word Count function of Microsoft Word to prepare this certification.